[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11961
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cr-80118-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS CORNELIUS JONES,
a.k.a. Red Man,
a.k.a. Frog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2016)

Before WILSON, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Julius Cornelius Jones appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence in light of Amendment 782 of the Sentencing Guidelines.  In the district court, Jones pled guilty to one count of conspiracy to possess with intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The record reflects that the sentencing judge determined Jones was a career offender under U.S.S.G. § 4B1.1, considered what the recommended sentence would be but-for Jones's status as a career offender, and made a downward adjustment from the recommended sentence in light of the 18 U.S.C. § 3553(a) factors.  The court imposed a sentence of 156 months' imprisonment.

Jones filed a motion with the district court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Jones argued that because the sentencing judge did not impose a sentence within the career offender range of 188 to 235 months, but instead imposed a sentence within the range that would have applied were he not a career criminal, the sentencing judge actually "based" Jones's sentence on U.S.S.G. § 2D1.1, not § 4B1.1, and therefore Jones may seek the benefit of Amendment 782.  The district court denied the motion because Jones was a career offender and Amendment 782 did not alter the career offender guideline.  On appeal, Jones argues (1) the district erred in determining it lacked authority to reduce his sentence; and (2) his conviction for fleeing and eluding a police officer

2

is not a crime of violence under the residual clause of § 4B1.2(a)(2), which means he was wrongly determined to be a career offender. After a thorough review of the record and the parties' briefs, we conclude that the district court did not have authority under § 3582(c)(2) to reduce Jones's sentence. Therefore, we affirm.

I

We review the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2) de novo. *United States v. Anderson*, 772 F.3d 662, 666 (11th Cir. 2014).

A district court may not reduce a defendant's term of imprisonment unless: (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission subsequently lowered, and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction is not consistent with the Guidelines' policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The "applicable guideline range" is the range "determined *before* consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 cmt. n.1(A) (emphasis added).

The district court did not have authority to reduce Jones's sentence pursuant to § 3582(c)(2). Where a defendant has been sentenced as a career offender, the relevant base offense level under § 2D1.1 plays "no role in the calculation of the[]

3

guideline range[].” *United States v. Lawson*, 686 F.3d 1317, 1320 (11th Cir. 2012) (per curiam) (citing *United States v. Moore*, 541 F.3d 1232, 1327, 1330 (11th Cir. 2008)). Unless the amendment to the Sentencing Guidelines alters the definition or qualifications for career offenders under § 4B1.1, “§ 3582(c)(2) does not authorize a reduction in sentence.” *Moore*, 541 F.3d at 1330. Jones seeks a reduced sentence in light of Amendment 782. However, this Amendment only altered § 2D1.1(c); it did not alter § 4B1.1. Therefore, because Amendment 782 did not lower the guideline range upon which Jones's sentence was based, the district court did not have authority to reduce Jones's sentence under § 3582(c)(2).

## II

For the first time on appeal, Jones argues that fleeing and eluding a police officer is not a crime of violence under the residual clause of the career offender sentencing guideline, and therefore the sentencing court erred in determining he was a career offender under § 4B1.1. This argument fails because it is outside the scope of a § 3582(c)(2) proceeding.

Under the present procedural posture, the district court did not have authority to evaluate whether Jones is a career offender. A § 3582(c) proceeding is not a de novo resentencing, and “*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.” *United States v. Bravo*, 203 F.3d 778, 780–81 (11th

Cir. 2000).  Therefore, Jones's argument that he was erroneously classified as a career offender is unavailing because it was a determination made at the original sentencing, unaffected by Amendment 782.  *See United States v. Dillon*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010).  Accordingly, we affirm.

**AFFIRMED.**